**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-20032-CR-UNGARO/SIMONTON**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**PAUL MAKOS,**

    Defendant.
_____/

**OMNIBUS ORDER REGARDING APPOINTMENT OF APPELLATE COUNSEL**

Presently pending before the Court are Defendant's Motion to Appoint Counsel (DE # 57), Motions Regarding Detention (DE ## 63, 71), Motions to Proceed *In Forma Pauperis* (DE ## 67, 70) and Motion for Hearing on Status of Indigency (DE # 66); as well as the Motion to Withdraw as Attorney, filed by Defendant's counsel, Kenneth J. Kukec (DE # 65). These motions are referred to the undersigned Magistrate Judge (DE ## 73, 74). On February 9, 2009, an evidentiary hearing was held before the undersigned Magistrate Judge. Based upon a careful review of the record and for the reasons stated herein, Defendant's substantive motions (DE ## 57, 65, 67, 70) are GRANTED and Defendant's Motions Regarding Detention (DE ## 63, 71) and Motion for Hearing (DE # 66) are DENIED AS MOOT.

Pursuant to Local Rule 88.7, February 9, 2009, an evidentiary hearing was held in this matter. At the hearing, the Defendant requested that he be declared indigent for purposes of appeal, and that the Court appoint counsel to represent him. For the reasons stated on the record at the hearing, the Motion to Withdraw and the Motion for Leave to Appeal In Forma Pauperis are granted. Based upon a conflict of the Federal Public Defender, a private attorney is appointed for purposes of appeal.

The hearing was conducted pursuant to the provisions of Local Rule 88.7, which provides, in pertinent part:

> In cases where the defendant moves the court to proceed in forma pauperis on appeal, or for appointment of Criminal Justice Act appellate counsel, the Court will consider, in passing upon such applications, factors such as
>
> (1) the defendant's qualified Sixth Amendment right to counsel of choice, recognizing the distinction between choosing a trial lawyer and choosing an appellate lawyer;
>
> (2) the contract between the defendant and trial counsel;
>
> (3) the defendant's present financial condition and ability to have retained only trial counsel
>
> (4) retained counsel's appellate experience;
>
> (5) the financial burden that prosecuting the appeal would impose upon trial counsel, in view of the fee received and the professional services rendered; and
>
> (6) all other relevant factors, including any constitutional guarantees of the defendant."

The rule further provides:

> In assessing whether the legal fees previously paid to defense counsel should reasonably encompass appellate representation . . . the Court is to consider the following factors as guides in determining the reasonableness of the fee:
>
> (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service proffered;
>
> (2) the likelihood that the acceptance of the particular employment precluded other employment by the lawyer;
>
> (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
>
> (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;

   **(5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;**

   **(6) the nature and length of the professional relationship of the client; and**

   **(7) the experience, reputation, diligence and ability of the lawyer or lawyers performing the service and the skill, expertise or efficiency of efforts reflected in the actual providing of such services.**

**Based upon the proceedings in court, including the testimony of attorney Kenneth J. Kukec, Esq. and the Defendant, and an examination of the above factors, and for the reasons stated on the record, the undersigned finds that the defendant is currently indigent, that trial counsel entered an appearance for trial only, and that the fee which the Defendant paid was not above market value and was reasonable under the circumstances of this case. The fee paid should not reasonably encompass appellate work. Therefore, it is hereby**

**ORDERED AND ADJUDGED that Counsel's Motion to Withdraw as Counsel of Record (DE # 65) is GRANTED. Kenneth J. Kukec, Esq. is terminated as counsel of record. It is further**

**ORDERED AND ADJUDGED that Defendant's Motions for Leave to Appeal In Forma Pauperis and for counsel to be appointed for purposes of appeal (DE ## 57, 67, 70) are GRANTED. Sheryl Lowenthal, Esq. is appointed to represent the Defendant, pursuant to the Criminal Justice Act.[1] It is finally**

---

**[1] The contact information for Ms. Lowenthal is 9130 S. Dadeland Blvd., Suite 1200, Datran Two, Miami, FL 33156; 305-670-3311. The undersigned notes that she mistakenly informed Defendant at the hearing that he would receive copies of this Court's Orders via the Court's automatic filing system. Rather, they will be sent by chambers staff to Defendant via U.S. Mail at FCI Jesup, 2680 301 South, Jesup, Georgia 31599.**

**ORDERED AND ADJUDGED** that Defendant's Motions Regarding Detention (DE ## 63, 71) and Motion for Hearing (DE # 66) are **DENIED AS MOOT**. As stated above, an evidentiary hearing was held on February 9, 2009; and, during the hearing Defendant agreed that his Motions Regarding Detention, in which he seeks to remain at FDC Miami during the pendency of these matters, have been rendered moot. Defendant's newly appointed appellate counsel will communicate with the defendant regarding his appeal while he is incarcerated at FCI Jesup.

**DONE AND ORDERED** in Miami, Florida on this 12th day of February, 2009.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Ursula Ungaro,
 United States District Judge

All counsel of record, via CM/ECF

Paul Makos
Prisoner No. 79859-004
FCI Jesup
2680 301 South
Jesup, GA 31599